**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RICKY NOLAN,                       )
                                   )
              Petitioner,          )        3: 09-cv-0188-RCJ-RAM
                                   )
vs.                                )
                                   )        **ORDER**
JACK PALMER, *et al.*,             )
                                   )
              Respondents.         )
_____/

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. The case proceeds on the amended petition filed July 15, 2009. (Docket #14.) Pending before the court is respondents' motion to dismiss. (Docket #25.) Petitioner opposes the motion.

**PROCEDURAL HISTORY**

On October 23, 2002, the state filed a criminal complaint against petitioner charging him with 18 counts including the following: 1) one count of first degree kidnaping and one count of sexual assault perpetrated on Cynthia Edens; and 2) one count of first degree kidnaping; six counts of sexual assault with substantial bodily harm; four counts of burglary; two counts of attempt unauthorized signing of a credit card or debit card transaction document; two counts of unauthorized signing of a credit or debit card transaction document; and one count of robbery, all perpetrated on Lynda Weishaar. Index, Exhibit 1.

1        On November 6, 2002, the stated filed an amended criminal complaint which contained 24 counts

2    and corrected the name Cynthia Edens to Cynthia Dyson.  The six new counts consisted of three more

3    sexual assault charges and one robbery charge perpetrated upon Cynthia Dyson.  Index, Exhibit 2.  It also

4    included an attempt murder with use of a deadly weapon charge and a battery with use of a deadly

5    weapon charge, both perpetrated against Lawrence Dyson.  *Id*.

6        On November 6, 2002, and November 7, 2002, the justice court conducted a preliminary hearing.

7    Index, Exhibits 3 and 4.  At the conclusion of the preliminary hearing, the judge bound petitioner over

8    on all charges. Index, Exhibits 4 and 5.

9        On November 19, 2002, the state filed an information containing the above 24 counts.  Index,

10   Exhibit 7.  On November 25, 2002, the court amended the information to add a notice of intent to seek

11   habitual criminal punishment,  petitioner entered a plea of not guilty, and trial was set for March 17,

12   2003.  Index, Exhibits 8 and 9.  On May 7, 2003, the court granted petitioner's motion to sever the

13   Dyson counts (counts 1-8) into a separate trial.  Index, Exhibit 13.

14       On July 23, 2003, the state public defender filed a motion to withdraw due to conflict of interest;

15   the court granted the motion and appointed Mr. Goodman to represent petitioner.  Index, Exhibits 14,

16   15, 16, and 17.  On September 22, 2003, the court continued the trial on the Weishaar counts (Trial 1)

17   to January 12, 2004, and the trial on the Dyson counts (Trial 2) to March 15, 2004.  Index, Exhibit 20.

18       On January 12, 2004, the state filed a second amended information which corrected two dates

19   and renumbered the Weishaar counts 1 through 16.  Index, Exhibit 21.   The trial began on January 12,

20   2004.  Index, Exhibits 22 - 25.  The jury found petitioner guilty on 13 counts and not guilty on 3 counts.

21   Index, Exhibits 26 and 27.  On March 8, 2004, the court sentenced petitioner as follows: count 1 – life

22   with the possibility of parole after 5 years; counts 4 and 6 – life without the possibility of parole and a

23   special sentence of lifetime supervision, to run concurrently with each other but consecutively to count

24   1; count 3 – life with the possibility of parole after 10 years and a special sentence of lifetime supervision,

25   to run consecutively to counts 1, 4 and 6.  The remaining sentences run concurrently with each other and

26   consecutively to counts 1, 4 and 6, as follows: counts 9, 11, 13, 15, and 16  - - 22 to 96 months; counts

2

1   10, 12 and 14 - - 12 to 36 months; and count 8 - - 35 to 156 months.  Exhibits 28 and 30.  The court

2   entered its judgment of conviction on March 12, 2004.  Index, Exhibit 30.

3        The trial on the Dyson counts (Trial 2) began on March 15, 2004.  Exhibits 31 to 35.  The jury

4   found petitioner guilty on seven counts and not guilty on 1 count.  *Id*.  On May 10, 2004, the court

5   sentenced petitioner as follows: count 1 - - life with the possibility of parole after five years, to run

6   consecutively to the Weishaar sentences; counts 2, 3, 4, and 5 - - life with the possibility of parole after

7   10 years, to run concurrently with each other but consecutively to count 1; count 7 – 96 to 240 months

8   plus and equal and consecutive 96 to 240 months to run concurrently with count 8 but consecutively to

9   counts 2, 3, 4, and 5; count 8 - 72 to 180 months to run concurrently with count 7 but consecutively to

10  counts 2, 3, 4, and 5.  Index, Exhibits 37 and 38.  On June 8, 2004, the court entered its judgment of

11  conviction.  Index, Exhibit 38.

12       Petitioner filed direct appeals from both judgments of conviction and the Nevada Supreme Court

13  consolidated the two appeals.  On April 5, 2005, the Nevada Supreme Court entered its order affirming

14  in part, reversing in part and remanding.  The court affirmed all the convictions except the Dyson battery

15  with use of a deadly weapon with substantial bodily harm conviction.  Index, Exhibit 44.

16       On December 4, 2006, petitioner filed his first state postconviction petition for writ of habeas

17  corpus, which contained 76 grounds stemming from the Weishaar trial.  Index, Exhibit 46.  On March

18  5, 2007, petitioner filed his second state postconviction petition for writ of habeas corpus which

19  contained 61 grounds stemming from the Dyson trial.  Index, Exhibit 50.  On April 4, 2007, petitioner

20  filed a supplement containing one ground, ground 62.  Index, Exhibit 51.

21       On August 13, 2007, pursuant to the Nevada Supreme Court's order on petitioner's direct appeal,

22  the state filed separate amended judgments of conviction for the Weishaar and Dyson trials.   The

23  amended judgment in the Dyson trial omitted the battery with a deadly weapon with substantial bodily

24  harm conviction. Index, Exhibits 57 and 58.  Although petitioner appealed from the amended judgments,

25  the Nevada Supreme Court found a jurisdictional defect.  Index, Exhibit 66.  It found that the amended

26  judgments did not add any additional counts, and that petitioner was thus not an aggrieved party.  *Id*.

3

1  It therefore dismissed the appeal         *Id*.

2          On August 22, 2007, petitioner filed a third postconviction petition for writ of habeas corpus, this

3  time challenging the amendments of the judgments of conviction.  Index, 67.  The district court denied

4  all three of petitioner's petitions for writ of habeas corpus and petitioner appealed.  On March 24, 2009,

5  the Nevada Supreme Court entered its order of affirmance and limited remand to correct the amended

6  judgment of conviction.  Index, Exhibit 74.   The court concluded that petitioner was not entitled to

7  relief, but remanded the judgment in the Dyson case for correction of a clerical error.  *Id*.

8          The court received the original petition in this action on April 10, 2009.  On June 18, 2009, the

9  court entered an order which provided in part as follows:

10          Petitioner has also filed a habeas corpus petition in case #:09-cv-0218-BES-VPC
           that is challenging the same conviction in state criminal case no. C-188025.  Although the
11          two petitions appear to state different grounds for relief, they both challenge the same
           state convictions and Nevada Supreme Court orders.  The Court will consolidate the two
12          actions, will dismiss petitioner's action in 3:09-cv-0218-BES-VPC, and will give the
           petitioner an opportunity to file an amended petition in 3:09-cv-0188-BES-RAM setting
13          forth all of this grounds for habeas relief challenging conviction C-188025.  The court
           notes that petitioner should not merely attach documents previously filed but should list
14          each claim for relief, and state facts to indicate clearly why he believes he is in custody in
           violation of the constitution, laws, or treaties of the United States.  Petitioner must do his
15          best to organize and state his claims, such that they are understandable to the court and
           to respondents.
16          The Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254
           Cases in the United States District Courts instruct that "notice pleading" is not sufficient
17          in a habeas corpus action.   The petition is expected to state *facts* that point to a real
           possibility of constitutional error.  Advisory Committee Note to Rule 4, Rules Governing
18          Section 2254 Cases, *citing Aubut v. State of Maine*, 431 F.2d 688, 689 (1st. Cir. 1970),
           *cited in Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977).  In fact, a petition for writ of
19          habeas corpus may be dismissed summarily if the allegations in it are vague or conclusory.
           *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

20

21  Docket 7, p. 2-3.  Petitioner filed his amended petition on July 15, 2009.  (Docket #14.)   Respondents

22  filed their motion to dismiss on October 26, 2009.  (Docket #25.)  Petitioner filed his opposition to

23  respondents' motion on November 12, 2009.  (Docket #34.)

24                                    **LEGAL STANDARDS**

25          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

26  ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  *Lindh v.*

                                              4

1    *Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997);

2    *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769

3    (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh*

4    *v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after

5    statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed

6    by its provisions.

7         This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

8    pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

9    Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

10        The AEDPA altered the standard of review that a federal habeas court must apply with respect

11   to a state prisoner's claim that was adjudicated on the merits in state court. *Williams v. Taylor*, 120 S.Ct.

12   1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless

13   the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable

14   application of, clearly established Federal law, as determined by the Supreme Court of the United States;"

15   or "resulted in a decision that was based on an unreasonable determination of the facts in light of the

16   evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 123 S.Ct.

17   1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in *Van Tran v. Lindsey*, 212 F.3d 1143

18   (9th Cir. 2000)); *Williams v. Taylor*, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue

19   the writ simply because that court concludes in its independent judgment that the relevant state-court

20   decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, at 1174 (citations

21   omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

22        While habeas corpus relief is an important instrument to assure that individuals are constitutionally

23   protected, *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); *Harris v. Nelson*,

24   394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary

25   method for a petitioner to challenge that conviction. *Brecht v. Abrahamson*, 507 U.S. 619, 633, 113

26   S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct,

and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769 (1995); *Thompson v. Keohane*, 516 U.S. 99, 116 S.Ct. 457 (1995); *Langford v. Day*, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

I.     **Grounds 10, 12, 13, 14, 15, 16, 17, 23, 24, 26, 31, 36, 37, 38, 39, 41, 43, 45, 46, 47, 48, 49, 50, 51, 52, 53(c), 54, 57, 59, 62, 66, 67, 68, 70, 72, 78, 81, 82, 94, and 98**

Respondents move to dismiss these 40 grounds for relief, contending that they fail to present any sufficiently specific claims warranting federal habeas relief. Respondents discuss and analyze each of these grounds for relief separately. This court has carefully reviewed respondents' arguments and the 40 grounds for relief, as stated in petitioner's amended petition. The court must agree with respondents that as to each of these grounds for relief, petitioner fails to allege specific facts which would support habeas corpus relief. Although petitioner repeatedly incorporates pages of state court records, he does not attach the relevant pages to his petition or explain how the records might support his arguments. His arguments are conclusory, without the necessary detail to demonstrate how the Nevada Supreme Court's decision on the issue claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Further, attachment of the decisions of the Nevada District Court and Nevada Supreme Court to the petition are insufficient to incorporate the issues addressed therein into the present petition. *Dye v. Hofbauer*, 546 U.S. 1, 4 (2005) (citing Fed. R. Civ. P. 81(a)(2) and 10(c)). Accordingly, these grounds for relief will be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

II.    **Grounds 5, 6, and 59, and Portions of Grounds 1, 4, and 7**

Respondents move to dismiss these ground for relief on the ground that they are procedurally

barred, based on the doctrine of law of the case. "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

> With respect to the prejudice prong of cause and prejudice, the petitioner bears: the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

///

7

In addition, a petitioner can avoid the application of the procedural default doctrine by demonstrating that the federal court's failure to consider his claims will result in a fundamental miscarriage of justice. To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477 U.S. at 496).

In its March 24, 2009 order affirming the district court's denial of petitioner's postconviction petitions, the Nevada Supreme Court found that the law of the case prevented litigation of the following claims from the Weishaar case:

> In his petition, appellant contended that there was insufficient evidence to sustain his conviction, the district court erred in admitting testimony that had been elicited under hypnosis, the State and district erroneously introduced a prior statement of the victim, and a juror improperly questioned a witness. This court considered and rejected these claims on appeal. The doctrine of law of the case prevents further litigation of this issue and "cannot be avoided by a more detailed and precisely focused argument." *Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975). Therefore, the district court did not err in denying these claims.

Index, Exhibit 74, p. 3. In the same order, while addressing the Dyson claims, the Nevada Supreme Court held as follows:

> In his petition, appellant claimed that there was insufficient evidence to sustain his convictions, the State failed to preserve and gather the rock that was allegedly used in the attack, and the jury instruction for kidnaping was missing. This court considered and rejected those claims on direct appeal. The doctrine of law of the case prevents further litigation of these issues and cannot be avoided by a more detailed and precisely focused argument. <u>Hall v. State</u>, 91 Nev. 314, 316, 545 P.2d 797, 799 (1975). Therefore, the district court did not err in denying these claims.

Index, Exhibit 74, p. 22.

Respondents contend that the doctrine of law of the case is regularly and consistently applied by the Nevada state court and is therefore an adequate and independent ground sufficient to support a finding of procedural default. This court agrees. *See State v. Eighth Judicial District Court ex re. County of Clark*, 112 P.3d 1070, 1075 (Nev. 2005); *State v. Haberstroh*, 69 P.3d 676, 686 (Nev. 2003); *McNelton v. State*, 990 P.2d 1263, 1275 (Nev. 1999); *Hogan v. Warden, Ely State Prison*, 860 P.2d 710,

///

8

715 (Nev. 1993).  Thus, any of petitioner's claims rejected by the Nevada Supreme Court on the ground of law of the case are now procedurally barred.

Respondents contend that the equal protection claims in federal grounds 1, 4 and 7, which correspond to direct appeal grounds 1, 2 and 8, respectively, are now procedurally barred based on law of the case.  The court finds, however, that there is no mention of equal protection in either petitioner's appellate opening brief or the Nevada Supreme Court's analysis on direct appeal of grounds 1 or 8.  The court also finds that there is no mention of equal protection in ground 2 of petitioner's opening appellate brief, and the Nevada Supreme Court's opinion contains no analysis of ground 2.  Accordingly, the court finds that the Nevada Supreme Court's opinion affirming the denial of petitioner's postconviction petitions based on law of the case provides no basis for a finding of procedural bar of the equal protection claims federal claims 1, 4 or 7.  Respondents also contend that the portion of federal ground 1 based on compulsory process is procedurally defaulted based on the same decision.  Again, the Nevada Supreme Court's decision on direct appeal contains no reference to compulsory process regarding claim 1.  Thus, the opinion affirming the denial of petitioner's postconviction petitions based on law of the case provides no basis for a finding of procedural bar as to this portion of claim 1.  The court will therefore deny respondents' motion to dismiss to the extent that it is based on the contention that the equal protection claims in federal grounds 1, 4 and 7 and the compulsory process claim in ground 1 are procedurally barred based on law of the case.

Respondents further contend that federal grounds 5, 6 and 59 are defaulted in their entirety because the corresponding direct appeal claims (4 and 5) raise no allegations of federal constitutional violations.  The court agrees that direct appeal claims 4 and 5 raise no constitutional issues.  This does not, however, demonstrate that grounds 5, 6 and 59 are procedurally defaulted.  It demonstrates that they are unexhausted.   It is well established that Nevada courts may excuse procedural bars of untimely or successive filings if a petitioner shows good cause and prejudice, thus a Nevada remedy is still possibly available to petitioner.  *See Jones v. McDaniel*, 320 Fed.Appx. 784 (9th Cir. 2000).  The court will therefore deny respondents' motion to dismiss to the extent that respondents claim that grounds 5, 6 and

1   59 are procedurally defaulted.

2   **III.     Grounds 2, 28, 19, 20, 21, 22, 23, 24, 27, 29, 33, 34, 39, 40, 41, 46, 47, 48, 49, 51, 52, 53(a),**

3   **53(c), 54, 55, 57, 58, 59, 60, 61, 62, 64, 66, 67, 68, 70, 71, 72, 76, 78, 79, 71, 82, 83, 84, 85,**

4   **86, 87, 89, 90, and 97.**

5   **The Weishaar Grounds**

6          In its order affirming the denial of petitioner's postconviction petitions for writ of habeas corpus,

7   the Nevada Supreme Court held in part as follows in regard to grounds for relief challenging the Weishaar

8   conviction:

9                  Appellant also contended that the State committed prosecutorial misconduct,
            failed to investigate or pursue DNA testing on other suspects, failed to disclose some
10          evidence until the last day of trial, refused to identify the hypnotherapist that conducted
            hypnosis on Weishaar, improperly presented show-up and voice identifications that were
11          the result of hypnosis, violated the exclusionary rule, violated <u>Brady v. Maryland</u>, 373
            U.S. 83 (1963), violated <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), presented false
12          evidence, tampered with a witness, and improperly argued false hypnosis testimony.  He
            further claimed that the district court erred in failing to instruct the jury on lesser-included
13          offenses, imposing multiple punishments in violation of the Double Jeopardy Clause,
            admitting unlawfully obtained statements, instructing the jury, precluding videotape
14          evidence, interfering with the defense, tampering with evidence, destroying evidence,
            permitting evidence to be introduced on the last day of trial, redacting the [sic] Weishaar's
15          hypnotized testimony, permitting the State to introduce written transcripts of appellant's
            statements to the police, limiting the testimony of a defense witness, interfering with
16          defense counsel's cross-examination, committing judicial misconduct, permitting the
            jurors to tamper with evidence, permitting a nurse to testify as an expert in toxicology,
17          and permitting the nurse to testify regarding Weishaar's medical records. He also claimed
            that the district court was biased and the makeup of the jury violated <u>Batson v. Kentucky</u>,
18          476 U.S. 79 (1986).   These claims could have been raised on appellant's direct appeal
            and appellant failed to demonstrate good cause for his failure to do so.   NRS
19          34.810(1)(b)(1), (2).  Therefore, the district court did not err in denying these claims.

20
21   Index, Exhibit 74. p. 3-4.

22          Based on this language, respondents now move to dismiss several federal grounds for relief on

23   the ground that the Nevada Supreme Court found the parallel state claims to be procedurally barred.

24          Respondents move to dismiss grounds 18, 19, 20, 21, 22, 27, 33, 34, 39, 40, 41, 46, 47, 48, 52,

25   53(a), and 53(c), all of which allege prosecutorial misconduct.  The court agrees with respondents that

26   these grounds for relief are addressed in the portion of the Nevada Supreme Court's language quoted

     above. Also relying on the above-quoted language, respondents move to dismiss grounds 24 (State failed

to investigate or pursue DNA testing on other suspects; 34 (State failed to disclose evidence on the last day of trial); 19 (state refused to identify the hypnotherapist); ground 20 (improper show-up and voice identifications under hypnosis); ground 47 (exclusionary rule violations); grounds 19, 22, and 23 (*Brady* violations); grounds 18 and 46 (*Miranda* violations); grounds 21, 22 and 53 (presentation of false evidence); grounds 21 and 22 (argument of false hypnosis testimony); grounds 27, 29, 46, 47, 49, 51 and 52 (judicial misconduct); ground 46 (trial court erred in admitting unlawfully obtained statements and tampered with evidence);   The court again agrees that each of grounds are addressed in the Nevada Supreme Court's opinion quoted above.

Respondents move to dismiss federal ground 2, in which petitioner claims that the Nevada Supreme Court erred in deciding his direct appeal using harmless error analysis.  The Nevada Supreme Court found that this claim was procedurally barred for petitioner's failure to raise it on direct appeal, citing 34.810(1)(b)(3).  Index, Exhibit 74, p. 4 - 5.

In affirming the decision of the district court, the Nevada Supreme Court cited NRS 34.810(1)(b)(2).   The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case -- NRS 34.810 -- is an independent and adequate state ground.[1] *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179

---

[1] NRS 34.810 provides in part as follows:

1. The court shall dismiss a petition if the court determines that:

(a) The petitioner's conviction was upon a plea of guilty or guilty but mentally ill and the petition is not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel.

(b) The petitioner's conviction was the result of a trial and the grounds for the petition could have been:

(1) Presented to the trial court;

(2) Raised in a direct appeal or a prior petition for a writ of habeas corpus or postconviction relief; or

(3) Raised in any other proceeding that the petitioner has taken to secure relief from his conviction and sentence,

1    F.3d 1207, 1210-12 (9th Cir. 1999).   This court therefore finds that these grounds for relief are

2    procedurally barred.   The court further finds that petitioner has not demonstrated good cause and

3    prejudice to overcome the bar.   Accordingly, respondents' motion to dismiss will be granted as to these

4    grounds for relief.

5    **The Dyson Grounds**

6        In its order affirming the denial of petitioner's postconviction petitions for writ of habeas corpus,

7    the Nevada Supreme Court held in part as follows in regard to grounds for relief challenging the Weishaar

8    conviction:

9                    Next, appellant contended that the State committed prosecutorial
     misconduct, falsely represented facts related to disciplinary actions against a police
10   detective, suborned perjury violated Brady v. Maryland, 373 U.S. 83 (1963), in failing to
     turn over prior statements of Cynthia Dyson, failed to gather exculpatory evidence, failed
11   to investigate assaults on appellant, tampered with appellant's statements, improperly
     referred to the internal investigation in its closing, fabricated a story about a witness's
12   availability, created prejudicial photographic evidence, failed to notify the defense of deals
     with three witnesses, moved to admit fabricated evidence, and tampered with a witness.
13   He also claimed that the district court failed to give several jury instructions, improperly
     admitted medical reports, improperly permitted the State to create a false impression of
14   the evidence, improperly permitted the State to introduce hearsay evidence, committed
     misconduct, was biased, made improper comments, gave improper and erroneous jury
15   instructions, permitted a violation of Batson v. Kentucky, 476 U.S. 79 (1986), improperly
     admitted medical reports through a detective's testimony, erred in admitting certain
16   evidence, erred in permitting appellant's statements to be read into evidence, denied
     appellant the right to confront a witness, erred in striking appellant's evidence from the
17   record, erred in refusing to grant appellant's motion for a mistrial, and improperly
     interfered with a defense cross-examination.   These claims could have been raised in
18   appellant's direct appeal, and appellant failed to demonstrate good cause for his failure
     to so and actual prejudice.   NRS 34.810(1)(b)(1), (2).   Therefore, the district court did
19   not err in denying these claims. [Footnote omitted.]

20   Exhibit 74, p. 22-23.

21

22       Grounds 55, 64, 66, 67, 71, 78, 79, 82, 83, and 90 of the federal petition all contain claims that

23   the district court committed judicial misconduct.   Respondents argue that these claims are procedurally

     defaulted, based on the above language.   Respondents also argue that under the Nevada Supreme Court
24   _____

25                   unless the court finds both cause for the failure to present the grounds and actual
     prejudice to the petitioner.
26

12

1  procedurally defaulted the trial error claims in ground 60 (improperly allowed the State to create a false

2  impression of the evidence), ground 62 (gave improper and erroneous jury instructions), ground 76 (failed

3  to give several jury instructions), ground 97 (gave improper and erroneous jury instructions), and ground

4  99 (allowed prosecutorial misconduct).   Respondents further argue that the Nevada Supreme Court

5  procedurally defaulted the following grounds for relief on the ground that they could have been raised

6  on direct appeal: ground 57 (police misconduct, bad faith); ground 68 (police misconduct, bad faith),

7  ground 70 (trial court biased and committed misconduct); and ground 86 (failure to investigate assaults

8  on petitioner).   Again, in affirming the decision of the district court, the Nevada Supreme Court cited ,

9  NRS 34.810, which has been held to be an independent and adequate state ground., sufficient to support

10  procedural default. *See Vang*, 329 F.3d at 1073-75.  This court therefore finds that these grounds for

11  relief are procedurally barred.   The court finds that petitioner has not demonstrated good cause and

12  prejudice to overcome this procedural bar.  Therefore the court will grant respondents' motion to dismiss

13  as to these claims.

14  **IV.     Motion for Discovery**

15        On March 31, 2010, petitioner filed a motion for leave to conduct discovery in this case.  Unlike

16  other civil litigants, a habeas corpus petitioner is not entitled to broad discovery.

17  *Bracy v. Gramley*, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); *Harris v. Nelson*, 394 U.S. 286, 295,

18  89 S.Ct. 1082, 1088-89 (1969).  Although discovery is available pursuant to Rule 6, it is only granted

19  at the court's discretion, and upon a showing of good cause.  *Bracy*, 117 S.Ct. 1793, 1797; *McDaniel*

20  *v. United States Dist. Court (Jones)*, 127 F.3d 886, 888 (9th Cir. 1997); *Jones v. Wood*, 114 F.3d 1002,

21  1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.   The Advisory Committee Notes

22  to Rule 6 of the Rules Governing Section 2254 Cases emphasize that Rule 6 was not intended to extend

23  to habeas corpus petitioners, as a matter of right, the Federal Rules of Civil Procedure's broad discovery

24  provisions.  Rule 6, Advisory Committee Notes (quoting *Harris*, 394 U.S. at 295, 89 S.Ct. at 1089).  In

25  the present case, the court finds that petitioner has not shown that if the facts were fully developed on

26  any of the matters on which he seeks discovery, he would be entitled to relief.  *See Bracy v. Gramley*,

13

1   520 U.S. 899, 908-09 (1997).  Accordingly, the court concludes that petitioner has not established any

2   basis for discovery and his motion will be denied.

3   **V.      Motion for Stay**

4          On December 11, 2009, petitioner filed a motion for a stay of "any and all claims deemed to be

5   unexhausted." (Docket #42.)   This court has found grounds 5, 6 and 59 to be unexhausted.

6              In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations

7   upon the discretion of this court to facilitate habeas petitioners' return to state court to exhaust claims.

8   The *Rhines* Court stated:

9          [S]tay and abeyance should be available only in limited circumstances.
      Because granting a stay effectively excuses a petitioner's failure to present his
10     claims first to the state courts, stay and abeyance is only appropriate when the
      district court determines there was good cause for the petitioner's failure to
11     exhaust his claims first in state court.  Moreover, even if a petitioner had good
      cause for that failure, the district court would abuse its discretion if it were to
12     grant him a stay when his unexhausted claims are plainly meritless.  *Cf.*  28
      U.S.C.  § 2254(b)(2) ("An  application for a writ of habeas corpus may be
13     denied on the merits, notwithstanding the failure of the applicant to exhaust
      the remedies available in the courts of the State").

14

15  *Rhines*, 544 U.S. at 277.

16          In ground 5, petitioner claims that his rights under the sixth and fourteenth amendments were

17  violated when a juror in the Weishaar trial asked questions of a witness and followed it with an audible

18  commentary on the witness's response.  In addressing this factual allegation on direct appeal, the Nevada

19  Supreme Court found that the trial court had committed plain error in failing to admonish the jury

20  following the spontaneous outburst by the juror.  Index, Exhibit 44, p. 11-12.  The court, however, found

21  that the error was not prejudicial and did not affect petitioner's substantial rights.  *Id.*     Petitioner

22  presents nothing to demonstrate that the Nevada Supreme Court's ruling "resulted in a decision that was

23  contrary to, or involved an unreasonable application of, clearly established Federal law, as determined

24  by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

25  determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C.

26  § 2254(d).

14

1    In grounds 6 and 59, petitioner claims violations of his rights under the sixth and fourteenth

2    amendments, alleging that the trial court used incomplete instructions regarding kidnaping in both trials.

3    Petitioner contends that the instruction given was misleading and confused the jury regarding the

4    movement of the victim needed to support a conviction of both sexual assault and kidnaping. The Nevada

5    Supreme Court addressed this factual allegation in its opinion on direct appeal. Index, Exhibit 44, p. 14-

6    15.   The court found that there was no abuse of discretion or judicial error in regard to the jury

7    instructions. *Id*. at 15.   Again, petitioner has not met the required showing for relief under 28 U.S.C.

8    § 2254(d).

9    Based on this court's review of petitioner's supporting arguments and the Nevada Supreme

10   Court's analysis of the claims, this court finds grounds 5, 6 and 59 to be plainly meritless.  Thus, the court

11   will not grant petitioner a stay to return to state court to exhaust these claims.   The court will dismiss

12   these claims as meritless pursuant to 28 U.S.C.  § 2254(b)(2).

13   **VI.    Motion for Evidentiary Hearing**

14   On August 4, 2010, petitioner filed a motion for an evidentiary hearing in this case. (Docket #50.)

15   Rule 8(a) of the Rules Governing Section 2254 Cases provides that where a petition is not dismissed at

16   a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state

17   court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary

18   hearing is required.  The purpose of an evidentiary hearing is to resolve the merits of a factual dispute.

19   An evidentiary hearing on a claim is required where it is clear from the petition that:  (1) the allegations,

20   if established, would entitle the petitioner to relief;  and (2) the state court trier of fact has not reliably

21   found the relevant facts. *See, Hendricks v. Vasquez*, 974 F.2d 1099, 1103 (9th Cir.1992).  As the function

22   of an evidentiary hearing is to try issues of fact, *Townsend v. Swain* 372 U.S. 293, 309 (1963)(*overruled*

23   *in part by Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary

24   when only issues of law are raised. *Id.*

25   In this case, petitioner seeks an evidentiary hearing to the hypnosis statute, the signing of a "don't

26   prosecute card," and the findings of misconduct by the LVMDP.   Petitioner has made no allegations in

15

connection with these matters which, if true, would entitle him to relief.  Accordingly, petitioner has demonstrated no basis for an evidentiary hearing and his motion will be denied.

**IT IS HEREBY ORDERED** that respondents' motion to dismiss (docket #25) is **GRANTED** as to grounds 10, 12, 13, 14, 15, 16, 17, 23, 24, 26, 31, 36, 37, 38, 39, 41, 43, 45, 46, 47, 48, 49, 50, 51, 52, 53(c), 54, 57, 59, 62, 66, 67, 68, 70, 72, 78, 81, 82, 94, and 98.  These grounds for relief are **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (docket #25) is **DENIED** to the extent that it is based on the contention that the equal protection claims in grounds 1, 4 and 7 and the compulsory process claim in ground 1 are procedurally barred based on law of the case.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (docket #25) is **DENIED** to the extent that it is based on the contention that grounds 5, 6 and 59 are procedurally defaulted.

**IT IS FURTHER ORDERED** that grounds 5, 6 and 59 are **DISMISSED** as plainly meritless.

**IT IS FURTHER ORDERED** the respondents' motion to dismiss (docket #25) is **GRANTED** as to grounds 2, 18, 19, 20, 21, 22, 27, 33, 34, 39, 40, 41, 46, 47, 48, 52, 53(a), and 53(c).  These grounds are **DISMISSED** as procedurally barred.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (docket #25) is **GRANTED** as to the following portions of the following grounds for relief: ground 24 (state failed to investigate or pursue DNA testing on other suspects; ground 34 (state failed to disclose evidence on the last day of trial); 19 (state refused to identify the hypnotherapist); ground 20 (improper show-up and voice identifications under hypnosis); ground 47 (exclusionary rule violations); grounds 19, 22, and 23 (*Brady* violations); grounds 18 and 46 (*Miranda* violations); grounds 21, 22 and 53 (presentation of false evidence); grounds 21 and 22 (argument of false hypnosis testimony); grounds 27, 29, 46, 47, 49, 51 and 52 (judicial misconduct); and ground 46 (trial court erred in admitting unlawfully obtained statements and tampered with evidence).    These portions of these claims for relief are **DISMISSED** as procedurally barred.

///

16

1    **IT IS FURTHER ORDERED** that respondents' motion to dismiss (docket #25) is **GRANTED**

2    as to ground 2.  Ground 2 is **DISMISSED** as procedurally barred.

3    **IT IS FURTHER ORDERED** that respondents' motion to dismiss (docket #25) is **GRANTED**

4    as to grounds 55, 64, 66, 67, 71, 78, 79, 82, 83, and 90.  These grounds for relief are **DISMISSED** as

5    procedurally barred.

6    **IT IS FURTHER ORDERED** that respondents' motion to dismiss (docket #25) is **GRANTED**

7    as to the following portions of the following grounds for relief:  ground 60 (trial court improperly allowed

8    the state to create a false impression of the evidence); ground 62 (trial court gave improper and erroneous

9    jury instructions); ground 76 (trial court failed to give several jury instructions); ground 97 (trial court

10   gave improper and erroneous jury instructions); and ground 99 (trial court allowed prosecutorial

11   misconduct); ground 57 (police misconduct, bad faith); ground 68 (police misconduct, bad faith); ground

12   70 (trial court biased and committed misconduct); and ground 86 (failure to investigate assaults on

13   petitioner).  These portions of these grounds for relief are **DISMISSED** as procedurally barred.

14   **IT IS FURTHER ORDERED** that petitioner's motion for a stay for exhaustion of claims is

15   **DENIED**.  (Docket #42.)

16   **IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (docket #45)

17   is **DENIED** for the reasons previously stated in the court's order of September 2, 2009 (docket #22).

18   **IT IS FURTHER ORDERED** that petitioner's motion for discovery is **DENIED.** (Docket #46.)

19   **IT IS FURTHER ORDERED** that petitioner's motion to commute and restructure sentences

20   is **DENIED** as without legal basis.  No such separate remedy exists within a petition for writ of habeas

21   corpus.  (Docket #49.)

22   **IT IS FURTHER ORDERED** that petitioner's motion for an evidentiary hearing is **DENIED**.

23   (Docket #50.)

24   ///

25   ///

26   ///

1    **IT IS FURTHER ORDERED** that respondents **SHALL FILE** an answer to the remaining

2    grounds for relief, or portions thereof, within thirty (30) days of the date of service of this action.

3    Petitioner may file a reply within thirty (30) days thereafter.

4        DATED this 20th day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE