1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11  RICKY NOLAN,                          )
                                         )
12          Petitioner,                  )          3:09-cv-00188-RCJ-RAM
                                         )
13  vs.                                  )
                                         )          **ORDER**
14  JACK PALMER, *et al.*,               )
                                         )
15          Respondents.                 )
    _____/
16

17          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a

18  state prisoner, is proceeding *pro se.*  Before the court are numerous motions filed by petitioner.

19  **I.      Background**

20          Prior to addressing the motions, the court presents a limited procedural history relevant to their

21  disposition.  In 2002, the State of Nevada charged petitioner with twenty-four counts arising from the

22  sexual assault of two women, Lynda Weishaar and Cynthia Dyson, in separate incidents.  Before trial,

23  the Eighth Judicial District Court for the District of Nevada granted petitioner's motion to sever the

24  counts concerning Dyson into a separate trial.  The Weishaar trial began on January 12, 2004.  The jury

25  found petitioner guilty on thirteen counts and not guilty on three counts.  The court entered its judgment

26  of conviction on March 12, 2004.  The Dyson trial commenced on March 15, 2004.  The jury found

petitioner guilty on seven counts and not guilty on one count.  The court entered its judgment of conviction on June 8, 2004.  After directly appealing both judgments of conviction, which were consolidated by the Nevada Supreme Court, and pursuing post-conviction relief in state court, petitioner filed two petitions for a writ of habeas corpus in this court.  Initially, the petitions were filed in two separate cases, however, on June 18, 2009, the court consolidated the cases and ordered petitioner to file an amended petition that contained all claims challenging both judgments of conviction.  (ECF No. 7.) On July 15, 2009, in compliance with the court's order, petitioner filed an amended petition containing ninety-nine grounds.  On September 20, 2010, the court granted in part and denied in part respondents' motion to dismiss and ordered respondents to file an answer addressing the remaining grounds for relief. (ECF No. 65.)  Respondents filed an answer on November 19, 2010.  (ECF No. 64.)

**II.       Motion for Answer (ECF No. 62)**

On November 10, 2010, petitioner moved for an order requiring respondents to answer his remaining grounds for relief.  As indicated above, respondents filed an answer on November 19, 2010. Therefore, petitioner's motion is denied as moot.

**III.      Motion to Extend Time to File Replies (ECF No. 79)**

Petitioner moves for an extension of time in which to filed his replies to ECF Nos. 74-77.  The court grants this motion and deems petitioner's replies timely filed.

**IV.      Motion to Vacate Because of Due Process Violations (ECF No. 73)**

Petitioner argues that the court should vacate his convictions because the court erred in consolidating his two federal habeas corpus cases.  Petitioner contends that because he had two separate trials, and two judgments of conviction, his petitions should have proceeded in two separate cases.

Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."  As previously explained to petitioner in an order issued July 7, 2009, although the state court held two trials after severing the Dyson counts, petitioner had only one case in state court. (ECF No. 12.)  Petitioner's two judgments of

2

conviction arise from one case in one state court, and his appeals were handled in a single decision by the Nevada Supreme Court. Accordingly, the court's consolidation of petitioner's two federal habeas corpus cases is consistent with the rules. Petitioner's motion is denied.

**V.    Motion to Supplement (ECF No. 71), Motion to Supplement (ECF No. 88), Motion to Supplement (ECF No. 89)**

In each of these documents, petitioner seeks to supplement his amended petition with additional grounds.

Rule 15 provides: "A party may amend his pleading once as a matter of course within 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Federal Rule of Civil Procedure 15(a)(1)(B). Rule 15 further provides that "[i]n all other cases a party may amend its pleading only . . . with the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Although leave to amend "shall be freely given when justice so requires," the court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings" though each factor is not necessarily given equal weight. *Bonin v. Calderon*, 59 F.3d 815, 844-45 (9th Cir. 1995); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (the court may consider whether there is evidence of "undue delay, bad faith or dilatory motive" as to whether the motion to amend should be granted). A district court may deny a motion to amend where the movant presents no new facts, only new theories, with no satisfactory explanation for the failure to fully develop the contentions in the first place. *Bonin*, 59 F.3d at 844-45. Moreover, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Here, petitioner belatedly seeks to add grounds to his amended petition without explanation for his delay in seeking to amend. Respondents have filed an answer to the amended petition (ECF No. 64), and petitioner has filed a reply (ECF No. 83). At this stage of the case, respondents would be prejudiced by any amendment of the petition. Additionally, many of the proposed grounds in petitioner's papers seek to revive grounds previously dismissed by this court. (*See* ECF No. 53, dismissing grounds 16, 18,

3

1  41, 53.) It appears that petitioner may be attempting an end-run around the court's dismissal order by

2  seeking to add these previously-dismissed grounds. Such a tactic is absolutely unacceptable and

3  evidences bad faith and dilatory motive. Petitioner's motions to supplement his petition are denied.

4  **VI.   Motion to Rule on Claims Submitted (ECF No. 72), Motion that Petitioner is Entitled to**
   **Relief (ECF No. 90), Motion for Production of Witnesses and/or Grant Relief (ECF No. 91),**
5  **Motion to Produce Hypnotherapist and Bob Conley (ECF No. 94)**

6        In ECF No. 72, petitioner seeks to have the court rule on his original petitions instead of his

7  amended petition. Petitioner asserts that he was confused when the court ordered him to file an amended

8  petition. An amended petition supercedes the original petition and therefore must be complete in itself.

9  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). All grounds

10 alleged in an original petition which are not alleged in an amended petition are waived. *See King v.*

11 *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). In this case, on June 18, 2009, the court

12 ordered petitioner to file an amended petition containing all grounds for relief. On July 15, 2009,

13 petitioner filed his amended petition containing ninety-nine grounds. The amended petition constitutes

14 the operative petition in this case. All grounds for relief not raised in this petition are considered waived

15 and shall not be reviewed. Petitioner's motion to have the grounds in his original petitions considered

16 is denied.

17       In ECF Nos. 90 and 91, petitioner essentially seeks relief on the merits of his petition. Currently,

18 the petition in this case is fully briefed. The court will render a decision on the petition in due course,

19 and thus, denies these motions.

20       In ECF No. 91, petitioner seeks the production of witnesses so that they may provide further

21 testimony supporting the Nevada Supreme Court's and respondents' recitation of facts concerning the

22 Weishaar case. In ECF No. 94, petitioner seeks the production of two witnesses who did not testify at

23 either of his trials. To expand the record under Habeas Rule 7, a petitioner must satisfy the requirements

24 of 28 U.S.C. § 2254(e)(2). *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005). The

25 conditions of  28 U.S.C. § 2254(e)(2) generally apply to petitioners seeking relief based on new

26 evidence, even when they do not seek an evidentiary hearing. *Holland v. Jackson*, 542 U.S. 649 (2004).

4

1   Section 2254(e)(2) provides as follows:

2           If the applicant has failed to develop the factual basis of a claim in state
        court proceedings, the court shall not hold an evidentiary hearing on the
3       claim unless [petitioner] shows that–

4           (A) the claim relies on–

5               (i) a new rule of constitutional law ...; or
            (ii) a factual predicate that could not have been previously
6           discovered through the exercise of due diligence;
        and
7
            (B) the facts underlying the claim would be sufficient to establish by clear
8       and convincing evidence that but for constitutional error, no reasonable
        factfinder would have found [petitioner] guilty of the underlying offense.
9

10  28 U.S.C. § 2254(e)(2).  "If there has been no lack of diligence at the relevant stages in the state

11  proceedings, the prisoner has not 'failed to develop' the facts under § 2254(e)(2)'s opening clause, and

12  he will be excused from showing compliance with the balance of the subsections's requirements."

13  *Williams v. Taylor*, 529 U.S. 420, 437 (2000).  "Diligence for purposes of the opening clause [of 28

14  U.S.C. § 2254(e)(2)] depends on whether [petitioner] made a reasonable attempt, in light of the

15  information available at the time, to investigate and pursue claims in state court[.]"  *Cooper-Smith v.*

16  *Palmateer*, 397 F.3d at 1241 (brackets in original) (quoting *Williams*, 529 U.S. at 435).

17          Here, petitioner's papers fall woefully short of meeting this standard, and thus, the court denies

18  his motions to produce witnesses.  Furthermore, to the extent petitioner takes issue with either the

19  Nevada Supreme Court's or respondents' summary of the facts, he had ample opportunity to present his

20  own summary in the amended petition and his reply brief.  The court concludes that even if erroneous

21  facts are contained in the summaries, which does not appear to be the case, such actions, alone, would

22  not prompt this court to vacate petitioner's convictions.

23  **VII.   Motion to Vacate Because of Bad Faith (ECF No. 70), Motion to Vacate Convictions
        Because of Due Process Violations (ECF No. 84), Motion to Vacate Due to False
24      Information Created by Nevada Supreme Court (ECF No. 85)**

25          In these motions, petitioner argues that the court should vacate his convictions because

26  respondents' counsel erred in presenting the facts and evidence and because the Nevada Supreme Court

created false information in rendering its decisions.   As discussed above, purported factual misstatements by either respondents' counsel or the Nevada Supreme Court, standing alone, do not provide grounds for the court to vacate petitioner's convictions.  ECF Nos. 70, 84, and 85 are denied.

**VIII.   Motions for Counsel (ECF Nos. 96, 98)**

Petitioner has filed two motions for the appointment of counsel.  (ECF No. 96, 98.)  There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).   However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).   As explained to petitioner on eight previous occasions, the issues in this case are not complex, and he has clearly presented the grounds on which he seeks relief.   Therefore, petitioner's motions for the appointment of counsel are denied.   No further motions for counsel will be entertained.

**IX.    Petitioner's Filing Practices**

Nearly all of petitioner's motions addressed in this order  raise arguments previously rejected by this court, are not procedurally authorized motions, or seek relief without a factual or legal basis.  Respondents ask this court to make a finding enabling them to forfeit petitioner's deductions of time earned in prison under Nev. Rev. Stat. § 209.451.  While the court does not make this express finding at this time, the court strongly cautions petitioner that he may face this sanction, and others, including monetary sanctions, should he continue to inundate the court with frivolous motions.  Moreover, the court notes that several of petitioner's papers personally attack counsel for respondents.   The court will not tolerate such behavior.  Petitioner must conduct this litigation with civility.  Anything less will result in sanctions, and the offending documents will be stricken from the record.

1    **X.     Conclusion**

2          **IT IS THEREFORE ORDERED** that petitioner's motion for extension of time (ECF No. 79)

3    is **GRANTED.**

4          **IT IS FURTHER ORDERED** that all other pending motions are **DENIED** for the reasons set

5    forth in this order.

6                    DATED this 26th day of August, 2011.

7

8                                     _____
                                      UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26